IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODMAN FOSTER, | : | CIVIL ACTION NO. 1:09-CV-1691 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| DAVID A. VARANO, *et al.* | : | |
| | : | |
| Respondents | : | |

## ORDER

AND NOW, this 24th day of March, 2015, upon consideration of the motion (Doc. 38) for relief from judgment under Federal Rules of Civil Procedure 60(d)(1) and 60(d)(3) filed by *pro se* petitioner Rodmen R. Foster ("petitioner"), wherein petitioner moves the court to set aside its order (Doc. 31) of June 28, 2010, denying his petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and specifically asserts that the denial of his habeas corpus petition was "procured by means of fraudulent documentation" and that, as a result, his request "is not the fundamental equivalent of a second or successive habeas petition" depriving the court of jurisdiction over his claim, (see Doc. 38 at 1), but the court noting that petitioner's argument in support of his motion, which he maintains is not a second or successive petition, is *identical* to the arguments raised before and rejected by the Third Circuit Court of Appeals in its denial of petitioner's application pursuant to 28 U.S.C. § 2244 for leave to file a second or successive habeas corpus petition, see *In re* Rodmen Foster, No. 14-4706 (3d Cir. Jan. 30, 2015), and that petitioner's motion challenges not the procedures surrounding the disposition of his initial

habeas petition but rather the circumstances underlying his state sentence, see

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion

seeks to collaterally attack the petitioner's underlying conviction, the motion should

be treated as a successive habeas petition."); see also Mabry v. United States, No.

4:04-CR-121, 2012 U.S. Dist. LEXIS 123509, at *3 (M.D. Pa. Aug. 30, 2012) ("[A] Rule

60(d) motion is subject to the same successive petition restrictions that apply to

Rule 60(b) motions.") (citing Sharpe v. United States,  No. 02-CR-771, 2010 WL

2572636, at *2 (E.D. Pa. June 22, 2010); United States v. Franklin, No. 99-CR-238,

2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008)), and the court concluding that

petitioner's instant motion is an unauthorized second or successive motion for

habeas relief, see 28 U.S.C. § 2244(a), and that it must be dismissed for lack of

jurisdiction, see Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("When a

second or successive habeas petition is erroneously filed in a district court without

the permission of a court of appeals, the district court's only option is to dismiss the

petition or transfer it to the court of appeals."), it is hereby ORDERED that:

1.  Petitioner's motion (Doc. 38) pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(3) is deemed to be a second or successive habeas petition under 28 U.S.C. § 2254 and is DENIED.

2.  Petitioner's motion (Doc. 39) for leave to proceed *in forma pauperis* is DENIED as moot.

3.  No certificate of appealability shall issue.  See R. GOVERNING SECTION 2254 CASES R. 11.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania