IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODMEN FOSTER,** | : | CIVIL ACTION NO. 3:09-CV-1691 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DAVID A. VARANO,** *et al.* | : | |
| | : | |
| Respondents | : | |

### ORDER

AND NOW, this 5th day of January, 2016, upon consideration of the motion (Doc. 45) to set aside judgment under Federal Rule of Civil Procedure 60(d)(3) filed by *pro se* petitioner Rodmen R. Foster ("petitioner"), wherein petitioner moves the court to set aside its order (Doc. 31) of June 28, 2010, denying his petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and specifically asserts that the denial of his habeas corpus petition was the result of fraud upon the court by the various defendants, (see Docs. 45-46), and maintains that, as a result, the instant "motion is not the fundamental equivalent of a second or successive habeas corpus petition," (Doc. 46), and the court observing that petitioner's instant motion differs in form but not in substance from his previous Rule 60 filing, (cf. Doc. 38), which the court dismissed by order (Doc. 40) dated March 24, 2015, wherein the court noted that petitioner's argument in support of his Rule 60(d) motion was *identical* to the arguments raised before and rejected by the Third Circuit Court of Appeals in its denial of petitioner's application pursuant to 28 U.S.C. § 2244 for leave to file a

second or successive habeas corpus petition, see In re Rodmen Foster, No. 14-4706 (3d Cir. Jan. 30, 2015), and that petitioner's motion challenged not the procedures surrounding disposition of his initial habeas petition but rather the circumstances underlying his state sentence, (see Doc. 40), and thus was indeed an unauthorized second or successive motion for habeas relief, see 28 U.S.C. § 2244(a), which must be dismissed for lack of jurisdiction, see Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002), and the court concluding that the same analysis applies to and precludes the relief requested in petitioner's instant motion, it is hereby ORDERED that:

1. Petitioner's motion (Doc. 45) pursuant to Federal Rules of Civil Procedure 60(d)(3) is deemed to be a second or successive habeas petition under 28 U.S.C. § 2254 and is DISMISSED.

2. Petitioner's request (Doc. 47) for leave to proceed *in forma pauperis* is DENIED as moot.

3. No certificate of appealability shall issue.  See R. GOVERNING SECTION 2254 CASES R. 11.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania